**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **JAMINE FELTON** | **CASE NO. 5:23-CV-00293** |
| **VERSUS** | **JUDGE EDWARDS** |
| **LAJOEY HILL ET AL** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RULING AND ORDER

Before the Court is a Motion for Summary Judgment (R. Doc. 67) filed by defendants, LaJoey Hill ("Hill") and the State of Louisiana through the Louisiana Department of Public Safety and Corrections (collectively, "Defendants"). Plaintiff Jamine Felton ("Plaintiff" or "Felton") opposes the motion (R. Doc. 76).

After reviewing the applicable law and memoranda, the Defendants' motion is **DENIED**.

### I. BACKGROUND

On November 15, 2021, Plaintiff was housed as an inmate at David Wade Correctional Center ("DWCC") in Homer, Louisiana. According to Plaintiff, he called out to Hill from his cell and requested to see mental health services. In response, Hill allegedly threatened him by saying, "you keep asking for mental health, I'm going to give you a reason to talk to him."[1] Hill then placed Plaintiff in cuffs and directed Plaintiff to proceed to the back of the cell, face the wall, and kneel. Plaintiff alleges that once he was on his knees, Hill used his hand radio to strike Plaintiff in the back

---
[1] Doc. 76-1, p.15.

of the head two times causing him to bleed "all over the place."[2] Hill pressed an unknown substance into his wounds to worsen the pain. While this was happening, Hill repeatedly told Plaintiff to "stop banging your head to the wall."[3] Plaintiff was brought to DWCC's medical staff for evaluation. Plaintiff's head injury ultimately required stitches and he was placed on suicide watch following the incident.[4]

Defendants deny the events described by Plaintiff. Defendants point to the affidavits of Hill and Master Sergeant Demarcus Warren ("Warren"), a purported eyewitness, to support their version of events. In his affidavit, Hill explains that while doing his rounds, he observed Plaintiff's bed sheets bundled in such a way that indicated to him that Plaintiff may be concealing something in his cell.[5] Hill decided to search Plaintiff's cell, with Warren's assistance. After refusing repeated orders to come to the cell door to be restrained before the search, Plaintiff finally approached the cell door to be handcuffed. After Plaintiff was cuffed, Hill instructed him to get on his knees so that leg restraints could be applied. It was at this time that Plaintiff shouted, "I got y'all now," and proceeded to "bang his head" against the wall.[6] Hill asserts he never hit Plaintiff, and he never applied any substance to Plaintiff's head. Warren supports Hill's version of events.[7] Warren also asserts that Hill repeatedly ordered Plaintiff to stop banging his head against the wall and eventually Plaintiff stopped.[8]

---

[2] Doc. 76-1, p. 15.
[3] Doc. 76-1, p. 16.
[4] Doc. 76-1, p. 21.
[5] Doc. 67-5, p. 2.
[6] Doc. 67-5, p. 2.
[7] Doc. 67-6.
[8] Doc. 67-6, 2.

This § 1983 civil rights suit followed.[9] Defendants filed the instant Motion for Summary and aver that Plaintiff's claims are barred by qualified immunity.

## II.   LAW

Summary judgment is appropriate when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[11] "A dispute is genuine if the summary judgment evidence is such that a reasonable jury could return a verdict for the non-moving party."[12] In evaluating a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party."[13]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."[14] "The moving party may meet its burden to

---

[9] Doc. 1-2.
[10] Fed. R. Civ. P 56(a).
[11] *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case."
[12] *Id.* (internal quotations omitted).
[13] *Total E&P UDS Inc. v. Kerr-McGee Oil & Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (internal citations omitted).
[14] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson,* 477 U.S. at 247).

demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim."[15] Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate.[16]

42 U.S.C. § 1983 provides that: "Every person who, under color of [law] . . . subjects . . . any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . ." 42 U.S.C. § 1983. Importantly, "§ 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."[17] Here, Felton contends that the acts of Defendants violated his rights guaranteed by the Fourth and/or Eighth Amendments.[18]

Cutting against recovery under § 1983, however, is the law of *Harlow*: "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[19] This is more commonly known as the doctrine of "qualified immunity."[20] Accordingly, "officers are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the

---

[15] *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002).
[16] *Id. See also Hamilton v. Segue Software, Inc.* 232 F.3d 473, 477 (5th Cir. 2000). The opposing party must show, with significant probative evidence, that a genuine issue of material fact exists to rebut a properly supported motion for summary judgment.
[17] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (cleaned up) (emphasis added).
[18] Doc. 1-2, p. 8.
[19] *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) (citations omitted).
[20] *Mitchell v. Forsyth,* 472 U.S. 511, 524 (1985).

unlawfulness of their conduct was "clearly established at the time."[21] The two steps of the qualified immunity inquiry may be performed in any order.[22]

When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate that the defense does not apply.[23] Even in this context, however, the allegations "must be taken in the light most favorable" to the plaintiff.[24]

"To prevail on an excessive force claim, a plaintiff must show (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable."[25] Excessive force claims are necessarily fact-intensive; whether the force used is "excessive" or "unreasonable" depends on "the facts and circumstances of each particular case."[26]

### III. ANALYSIS

#### 1. Excessive Force Claim against Hill

Defendants bear the burden of demonstrating to the Court that the record is free from a genuine issue of material fact; they do not meet this burden. Importantly, Plaintiff disputes that his injuries were self-inflicted and asserts that they were caused by Hill. The credibility of the witnesses necessarily must be weighed considering the contradicting versions of events from the Plaintiff and Defendants. These credibility determinations are not proper in deciding a motion for summary

---

[21] *D.C. v. Wesby,* 583 U.S. 48, 62–63 (2018) (citing *Reichle v. Howards,* 566 U.S. 658, 664 (2012)).
[22] *Pearson v. Callahan,* 555 U.S. 223, 236 (2009)).
[23] *Cantrell v. City of Murphy,* 666 F.3d 911, 918 (5th Cir. 2012).
[24] *Anderson v. Valdez,* 845 F.3d 580, 600 (5th Cir. 2016) (cleaned up).
[25] *Sam v. Richard*, 887 F.3d 710, 713 (5th Cir. 2018) (quoting *Windham v. Harris Cnty.*, 875 F.3d 229, 242 (5th Cir. 2017) (internal quotation marks omitted)).
[26] *Graham v. Connor*, 490 U.S. 386, 396 (1989); *see also Brosseau v. Haugen*, 543 U.S. 194, 201 (2004) (observing that this "area is one in which the result depends very much on the facts of each case.").

judgment. Further, the Court is required to resolve all ambiguities and draw all permissible inferences in favor of Plaintiff. Taking the Plaintiff's allegations as true, that he was repeatedly struck in the back of the head by Hill with a hand-radio after being restrained and in a kneeling position, a reasonable fact finder could return a verdict in his favor on his excessive force claim against Hill.

2. *Claims against the State of Louisiana through the Department of Public Safety and Corrections*

Defendants assert that Plaintiff cannot bring a claim under § 1983 against the Department of Public Safety and Corrections ("DOC") because is it not a "person" for the purposes of § 1983 liability and is otherwise entitled to qualified immunity to Plaintiff's excessive force claims.[27] Plaintiff responds that he has not asserted any constitutional claims against DOC.[28] The Court agrees with Plaintiff. A review of Plaintiff's allegations confirm that the only claims made against DOC are based on vicarious liability as Hill's employer for Plaintiff's tort claims. Accordingly, there is no § 1983 claim against DOC to dismiss.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (R. Doc. 67) is **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 29th day of September 2025.

                                                **JUDGE JERRY EDWARDS, JR.**
                                                **UNITED STATES DISTRICT COURT**

---

[27] Doc. 67-3, p. 9.
[28] Doc. 76, p. 7.